Next case for argument this morning is United States v. Gonzalez-Sarabia. Mr. Hillis. May it please the court, counsel, I'm Daniel Hillis and with the Federal Public Defender's Office I represent Mr. Gonzalez-Sarabia. He raises a single issue on this appeal. A defendant is entitled to be sentenced and is well established in the opinions of the Supreme Court, such as Tucker and Townsend, as well as this court, for instance, in United States v. United States Exwell Welch in the Corona-Gonzalez case. All these authorities have been cited in our briefs and we of course rely on them. Here, the district court erred because it relied on inaccurate information when it imposed sentence. The government told the district court that Mr. Gonzalez-Sarabia distributed several types of drugs, but that was incorrect. My client distributed two types of drugs. Several means more than that. And so when the district court relied on that information later to impose sentence... I don't understand, counsel, what this has to do with information. Your argument seems to be that under the Constitution, district judges must always use correct diction when I'm not acquainted with the perfect diction rule. It's not perfect diction. It's a correct information rule, judge. And so if we have a district court saying that somebody committed multiple crimes and they in fact committed one crime, that is not a matter of diction. That's a matter of fact. And that's another aspect of this case. So if there's to say several crime or excuse me, several types of substances, but there are only two, if there are multiple crimes and yet there's only one, then either one of those things arises to an error for purposes of sentencing under Gaul in violation of due process, as well as what Gaul specifically said about a significant procedural error at sentencing. So we're not quibbling with diction. We're actually just asking about correct information. Did you appoint this out to the court at the time? No, judge. The trial counsel, when the sentencing hearing was going on, though, wasn't required to take exception under Bartlett, which is the case that says that you don't have to take exception, of course. And so this would not be something that the defense would have had necessarily opportunity even to easily object to this once the district court made the mistake. Once the district court makes the mistake, of course, we are permitted to take the issue up on the appeal as we are. But no, there was no objection, Judge King. Now, it may have been better if everybody was more attentive, but ultimately it falls down on a due process violation, regardless of who said what to the district court. When the district court ultimately speaks, it must rely on accurate information. To say that there are multiple crimes is inaccurate. And the government, it's trying to, in its brief, indicate that more crimes could have been convictions. But here, we have to look at the facts of the case, and there was but one conviction, not multiple convictions, not multiple crimes. And so that is a determinative fact in this case, and the government can't easily get around it, and we don't believe that it has done so in its briefing. So if there are not several substances or multiple crimes, we have a violation of the due process right to be sentenced based on accurate information. Remand is not an expensive or burdensome thing under Supreme Court precedent. We would say that this is an easy fix, send the case back. We don't know how it impacts the sentence, but it can't be for the better. If there are more crimes they allege were convicted, or occurred that were actually counts of conviction, more substances, these are all things that help the sentence to tick upwards. If my client involved himself with two substances, and the government says there are several, so that meaning three, four, five, worse substances, worse impacts on community, multiple offenses as opposed to a single offense, these are all things that must weigh on the district court's decision making, and resulting in a more severe punishment. That's not much of a legal proposition, although it is consistent with due process, but it's a matter of common sense as well. So if this is, finally, Judge Kainey, a matter that is not de novo review, it's reviewed for plain error, Corona-Gonzalez was a case that was decided under plain error review, and there, the incorrect fact that the district court relied on the sentence resulted in vacating and remanding, because of the impact on due process, all four factors were established for plain error relief, and that should be the case. With that, I reserve the balance of my time, unless the panel has questions. Certainly, counsel. Ms. Fisher. Thank you. May it please the court. My name is Amanda Fisher, and I represent the United States in the district court proceedings. The district court sentence should be affirmed in this case, because the district court did not rely on any inaccurate information when it imposed the defendant's guideline sentence in this case. All of the evidence and all of the information before the district court at the time that she imposed sentence made it clear that this defendant was involved in a conspiracy, wherein he was involved in the distribution of methamphetamine and heroin, and specifically, that conduct included at least two different deliveries of methamphetamine and one delivery of heroin. The court fully considered the circumstances of that offense, this defendant's criminal history, his post-arrest conduct, and ultimately imposed a high-end guideline sentence in this case. Defendant's claim in this appeal essentially pulls two isolated words out of all of their contexts, and asks this court to then assign them different meaning, different importance that is just not supported by the record in this case. What is ultimately important here is what the district court said and why it imposed the sentence that it did. The district court did not talk about several drugs. The district court talked about drugs, and the defendant agrees, and the record indisputably showed that this defendant was in fact involved in the distribution of two drugs, in the plural form. Everybody agrees with that. The district court did talk about the crimes that this defendant committed, and although he was only being sentenced for a single conspiracy, the reliable evidence before the court, which again, that was not at all contested by the defendant, was that this defendant was in fact involved in more than one crime that was for proper consideration by the court. The district court in this case essentially did what we want district courts to do, to consider all of the circumstances of the defendant and the defendant's crime, and then impose an appropriate sentence, and we believe that is in fact what happened in this case. There is one thing from the defendant's reply brief that I do think is important to mention, and the defendant cites to the Chapman case and says that in that case, this court held that several does in fact mean more than two, and thus this court must overrule Chapman in order to hold differently. That is not the case. This court in Chapman said even assuming that definition to be true, it then didn't matter for purposes of that particular case because there was no reliance on that definition, which was ultimately described as an imprecise definition, not an incorrect, but an imprecise description. The court in that case specifically declined to comment on the precise meaning of that word and urged that it should not do so unless absolutely necessary, and I would contend that in this case, it is not necessary to try to define several. It is clear that both of these statements were statements which in their context were fully correct and fully supported the guideline sentence that was imposed in this case. That being said, if there are no questions, I would rest on my brief and ask this court to affirm the judgment and sentence of the district court. Thank you, counsel. Anything further, Mr. Hillis? Yes, Judge. So when the government has told the district court that an individual defendant coming before it has distributed several types of drugs, and that's in Appendix 8 and 9, that's at the sentencing transcript. That's a representation by the government. Somebody in the district court deposits a lot of trust at the time of sentencing to give it accurate information. The district court then at page 14 accepts what the government has offered it. So it's essentially adopted that. The government stated that there are several drugs, several types of drugs that were distributed. But of course, the government has just explained that there were only two types. So it made a misstatement earlier and is trying to get out from under it presently. But the impact has already been felt by my client, who's facing now a larger penalty as a result of a misstatement by the government that is adopted and relied upon by the district court. And that just shouldn't be allowed. And furthermore, where we have this discussion now of the crime of conspiracy. So if there are multiple acts that go into a conspiracy, the conspiracy is still a single crime. So there's a problem still with the district court saying there are multiple crimes, even in the government's recitation here today in the district court. There is but a single crime. And yet the district court says crimes. And I think that's that appendix pages 14. So we do have multiple mistakes. And the government basically wants the court to disregard it. But they impact my client sentence and for the worse. And this extended discussion about Chapman and what the word several means. The word two is pretty clear government could have said to if it said both, and that suggests to substances, the government said several, and it may have been confused, because it had originally indicated that there were multiple substances that were an issue. But ultimately, even at the change of police and change of plea hearing, my client disputed that there were multiple substances collected, the district court, the government, anybody who was relying on the idea that there were multiple substances, and said that there were two. So it wasn't an issue going forward beyond that, until the government made the misstatement in the district court that the district court adopted. The shapes up very neatly in our view to say that there is a due process violation, where the government's misstatement led the district court to rely on incorrect information, and the district court then impose a sentence based on several substances when there were two and multiple crimes when there was but one. So for all of these reasons, we asked the court to vacate and remand for resentencing, which is a simple task and easily done. And my client could reappear the sentence based on accurate information to district court thinks the same sentence is warranted, it can say so, but it won't rely on incorrect information, hopefully in the process. So we asked the court to vacate. Thank you. The case is taken under advisement.